[Civ. No. 2482.   Fourth Appellate District.—August 2, 1940.]

ROBERT JORDAN, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION and LAVETA VILOTT SEARS,
Respondents.

John Solomon, Jr., for Petitioner.

Everett A. Corten for Respondents.

BARNARD, P. J.—This is a petition to review an order of the Iudustrial Accident Commission. On April 15, 1937, the respondent Sears, while engaged in the performance of her duties as an employee of the petitioner, suffered an injury to her teeth. It is conceded that she was a minor at that time and that she reached the age of 21 years on June 6, 1939. Six months and five days later, on December 11, 1939, she filed her claim for compensation with the respondent commission. After a hearing, she was awarded $105 as the reasonable cost of the dental treatment made necessary by the injury.

The only point raised is that the respondent commission was without jurisdiction to make this award since the proceeding was barred by the limitation provided for in subdivision (a) of section 5405 of the Labor Code, the same not having been started until more than six months after the applicant became 21 years of age.

Two periods within which such a proceeding may be commenced are provided for in section 5405. In addition to the six months' period fixed by subdivision (a), subdivision (b) permits the bringing of such a proceeding within two years from the date of injury "in cases where agreement for a release or compromise, which has not been approved by the commission, is made for an amount less than the full compensation or benefit" to which an employee is entitled. In the instant case, it was established by testimony and by the stipulation of the parties that immediately after the accident the petitioner orally agreed with the applicant to pay one-half of the dental bill provided she did not file a claim. Subsequently, he refused to pay the bill or any part of it on the ground that it was excessive. The petitioner contended before the commission that subdivision (b) of section 5405 had no application here since it refers to an agreement for a compromise and since section 5003 of the Labor Code provides that every "compromise agree-

ment'' shall be in writing. We think this contention may not be sustained.

The provisions for compromise and release of such claims are contained in chapter 2 of part 3 of the Labor Code. In general, they are as follows: Section 5000 gives the parties the right to compromise a liability claimed to exist ''subject to the provisions herein contained''. Section 5001 defines such compensation and provides that no compromise agreement shall be valid unless it provides for full compensation or unless it is approved by the commission. Section 5002 provides that a copy of the compromise agreement signed by both parties shall be filed with the commission. Section 5003 provides that every such agreement shall be in writing and includes further requirements as to its form.

It is at once apparent that these various sections set forth the requirements of a valid compromise agreement which is to have the effect of relieving an employer from further liability. Probably the main requirement is the approval of the commission, the others being more or less useful to that end. While all of these matters are essential to a valid compromise agreement, it would be unreasonable to believe that the legislature, in adopting subdivision (b) of section 5405, intended it to apply only to an agreement which fully conforms to the requirements of these other sections, in other words, to a valid compromise agreement. In the case of such a valid subsisting agreement the commission is authorized by section 5002 to enter an award based thereon and there would be little, if any, use or purpose in providing for an extended time during which a proceeding might be commenced.

We think the meaning and intent of subdivision (b) of section 5405 is to provide a longer period in which to begin a proceeding, not merely in those cases where a valid compromise agreement exists, but in cases where the parties have entered into an agreement for a compromise which has not been approved by the commission, and this irrespective of whether such agreement was oral or in writing. This extension of time is apparently based upon the fact that the agreement has not been approved by the commission and we think it was never intended to base it upon any particular form which the agreement might take. ■ While a valid agreement requires certain formalities, these cannot be deemed

essential to the application of the benevolent provisions of subdivision (b), which must have been adopted for the purpose of protecting an employee from the effect of a delay which would naturally follow from the very fact that the employee thought that he had entered into an agreement with his employer, although this agreement never became a valid one which was approved by the commission.

Any other interpretation of subdivision (b) would enable an employer, after taking advantage both of the ignorance of the employee and of his desire to placate his employer by entering into such an agreement, to break the agreement with impunity when the six months' period had elapsed. In this connection certain remarks of the court in *Davis & McMillan* v. *Industrial Acc. Com.*, 198 Cal. 631 [246 Pac. 1046, 46 A. L. R. 1095], are appropriate:

"It must be obvious, therefore, that no employee would make a settlement for less than he was entitled to except through ignorance of his rights. If ignorant of his rights as to the amount of compensation to which he would be entitled he may also be ignorant of any right on his part to institute a proceeding to recover compensation. Having made a purported settlement he would be less liable after such settlement to seek advice and ascertain his rights under the statute than he would have been had no settlement been entered into by him. It is a wise and humane provision of the law to permit such a person under such circumstances additional time in which to act in order to protect his rights. This is particularly so when the only persons who can possibly object to such a construction are those who have taken advantage of his ignorance and imposed upon him an unjust settlement."

In the case just cited the court further said, in discussing a provision of the Workmen's Compensation Act, which is now found in subdivision (b) of section 5405 of the Labor Code, that this provision "extended the time within which proceedings could be instituted in the case of an ineffectual settlement like that made by the insurance carrier herein with Pulliam to two years after the receipt of the injury". Section 5408 of the Labor Code provides that no limitation of time provided for by that division shall run against any person under 21 years of age unless a guardian or trustee has been appointed. No guardian or trustee was

here appointed and the two years provided for in subdivision (b) of section 5405, during which a proceeding could be commenced, did not begin to run until the applicant was 21 years of age. The proceeding here in question was brought well within that time and it follows that the same was not barred by the limitation relied upon.

The award is affirmed.

Marks, J., and Griffin, J., concurred.