[Civ. No. 16305.   Second Dist., Div. One.   May 5, 1948.]

ROYAL INDEMNITY COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and DONALD JAMES HITCHCOCK, Respondents.

Eugene S. Ives for Petitioner.

T. Groezinger and John A. Rowe, Jr., for Respondents.

DORAN, Acting P. J.—The admitted facts of this case are as follows: "The respondent Donald James Hitchcock, while a minor, was injured on June 11, 1941. He received medical treatment until the spring of 1943 and compensation from June 11, 1941, until February 13, 1942. He received an additional sum of $995.53 paid on an informal permanent disability rating dated August 4, 1943. The last foot apparatus was furnished the claimant on May 11, 1946. The claimant became of age, that is, twenty-one years of age, on December 25. About three years and one month after he became of age, he filed the claim with the Industrial Accident Commission on January 21, 1947. No guardian or guardian *ad litem* was appointed for the claimant while he was a minor. As a result of his injury all of the toes of the left foot were amputated at the metatarsal phalangeal joint."

In addition to the above facts, the respondent Commission calls attention to a stipulation filed March 11, 1947, reading as follows:

"It is hereby stipulated by and between Donald James Hitchcock and International Derrick and Equipment Company and Royal Indemnity Company through Eugene S. Ives, their attorney of record, that the figures contained in the report of R. E. Haggard on August the 4th, 1943, are correct, and that if the applicant had been working at the age of 21 his wages would have been $34.00 per week, entitling him to disability payments of $22.10 per week."

At the hearing before the Industrial Accident Commission February 25, 1947, the employer, and the insurance carrier, petitioner herein, raised the issues of the statute of limitations, and "Lack of jurisdiction of this Commission." However, the Referee found that "Applicant is entitled to life-time medical treatment, including prosthetic devices," and ruled that "The claim is not barred by the Statute of Limitation; the Industrial Accident Commission has jurisdiction." The employee's permanent disability was found to

be 22¼ per cent, as against an earlier rating of 17¼ per cent on August 4, 1943. Thereafter a petition for rehearing was filed, the denial of which led to the present petition for a writ of review.

It is petitioner's present contention that "the claim of the applicant before the Commission was barred by the Statute of Limitations; that the accident occurred on June 11, 1941; that the last payment of compensation was on August 4, 1943; that the last foot apparatus was furnished applicant on May 11, 1946; that applicant became of age on December 25, 1943; that the application herein was filed on January 21, 1947, more than six months following the accident, more than six months following the last payment of compensation; more than six months following the furnishing of the last foot apparatus; more than six months, as a matter of fact about three years and six months, after the injury."

The report of the referee on petition for rehearing, pertinent to the present controversy, is as follows: "Applicant became 21 on December 25, 1943. No guardian ad litem appointed, so under the last paragraph of Labor Code Section 5408, none of the time to that date is involved in the running of the Statute of Limitations. Medical treatment and compensation have been furnished and paid. Therefore the period for filing for permanent disability rating and lifelong medical is 245 weeks, which ordinarily runs from the date of injury, but here runs from December 25, 1943 (date of majority.) The application was filed January 31, 1947. I am sure the legislature did not intend to deprive the Commission of jurisdiction before the Statute of Limitations had run, and therefore find that the Commission does have jurisdiction."

In denying a rehearing, the referee refers to "the following unpleasant picture of the carrier's (petitioner's) relationship with the applicant," deduced from the evidence: "When applicant was 18½ years of age he was injured by the loss of a part of his left foot. Temporary disability compensation was paid and medical treatment furnished. Before he became of age an informal rating was made which did not include all of the facts of disability shown by the testimony at the hearing but resulted in 5% lesser permanent disability rating than ultimately was issued. Medical treatment; i. e., the furnishing of a prosthetic device continued to May 1946, not much beyond the 245 weeks from the date of injury; but from the

verbatim testimony it became apparent that shortly thereafter the carrier (petitioner) refused to furnish the equipment desired or needed by the applicant, which would appear to be about November 9, 1946, by inference. The application was filed January 21, 1947. . . . The reasonable inference from these circumstances would be that the carrier figured that it would be safe in refusing to furnish medical treatment . . . because they thought the time had passed in which applicant could secure an order for the same. I am not inclined to support them in their avoidance of their obligation to furnish lifetime medical and also to pay a belated and appropriate permanent disability award.''

At the outset it may be said that neither in the various provisions of the Labor Code, nor in the California case law to which attention has been invited, has the exact question involved herein been directly decided. Section 5405 of the Labor Code specifies ''the periods within which may be commenced proceedings'' for benefits, as follows: '' (a) Six months from the date of injury, or from the date of the last payment of any compensation, or agreement therefor, or the expiration of any period covered by such payment. (b) Two years from the date of injury, in cases where agreement for a release or compromise which has not been approved by the commission, is made for an amount less than the full compensation or benefit.''

Section 5408 of the Labor Code provides that ''No limitation of time provided by this division shall run against any person under twenty-one years of age or any incompetent unless and until a guardian or trustee is appointed.'' In section 5410 is found the following provision: ''Nothing in this chapter shall bar the right of any injured employee to institute proceedings for the collection of compensation within 245 weeks after the date of the injury upon the ground that the original injury has caused new and further disability. The jurisdiction of the commission in such cases shall be a continuing jurisdiction at all times within such period.'' One other provision may be noted, namely section 5804 of the Labor Code, stating that ''No award of compensation shall be rescinded, altered, or amended after 245 weeks from the date of the injury.''

The case of *Abbott* v. *Industrial Acc. Com.*, 12 Cal.App.2d 478, 480 [55 P.2d 927], has been cited as authority contrary to the referee's holding that the applicant herein had 245

weeks after becoming of age within which to file claim for a permanent disability rating and lifetime medical care. In that case it was held that where three years, two months and 20 days had elapsed from the qualification of the guardian of the claimant, an insane person, before a petition to reopen the proceedings before the commissioner was filed, "this lapse of time constituted a lack of diligence and that the petitioner is therefore barred from maintaining the proceeding to reopen the award of the commission."

In the instant case the referee took the position that the Abbott case "does not coincide with the facts of the present case, but certainly has some parallel circumstances," and stated, "I believe this case should be decided adverse to the defendants, even flying in the face of the Abbott case, even if it calls for taking the matter to the Supreme Court." The answer to the petition for writ of review, filed on behalf of the commission, likewise maintains that the Abbott case cannot be considered as "authority for the proposition that a workman which has been injured while under twenty-one does not have 245 weeks within which to institute proceedings for new and further disability."

Also cited by petitioners is *Jordan* v. *Industrial Acc. Com.*, 40 Cal.App.2d 276 [104 P.2d 695], wherein it was held that when an injured minor makes an agreement with the employer for release or compromise, and no guardian or trustee is appointed, the two-year period for the filing of a claim does not commence to run until the minor's majority. In the present case it will be remembered that no guardian or trustee was ever appointed;—obviously the Jordan case is not directly in point with the present controversy.

In the case of *Gouanillou* v. *Industrial Acc. Com.*, 184 Cal. 418, 420 [193 P. 937], it was held that "The right of a minor to disaffirm an adjudication of his rights by a judicial tribunal [Industrial Accident Commission] obtained in a proceeding in which he has not been duly represented as provided by law continues until barred by laches after the minor has attained the age of majority; the right is not dependent upon statute, but is a general rule of law enforced as a necessary incident to the status of minority."

That the rights of minors, at all times and in all proceedings, should receive special consideration and the utmost protection of the law goes without saying. The Workmen's

Compensation Act is no exception to this general rule. On the contrary, as hereinbefore noted, sections 5408 of the Labor Code provides that "No limitation of time provided by this division shall run against any person under twenty-one years of age or any incompetent unless and until a guardian or trustee is appointed."

The provisions of the act, by its own terms, "shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (Lab. Code, § 3202.) More specifically, as said in *Colonial Ins. Co.* v. *Industrial Acc. Com.*, 27 Cal.2d 437, 439 [164 P.2d 490]: "it must be remembered that the provisions of the workmen's compensation law dealing with the limitation of time within which proceedings for compensation may be commenced, like other parts of that law, are to be liberally construed to the end that the beneficent features thereof shall not be lost to employees, and where provisions are susceptible of an interpretation either beneficial or detrimental to an injured employee, they must be construed favorable to the employee."

With these fundamental concepts in mind, and considering the facts of the present controversy, it appears that the jurisdiction of the Industrial Accident Commission, and the award made, should be sustained. Any other disposition would, in effect, permit the petitioning insurance carrier to deprive the commission of continuing jurisdiction by urging petitioner's own failure to furnish the employee with the prosthetic device made necessary by the employee's accident. The several references in petitioner's briefs to the fact that the employee's formal claim was not "filed within six months after the last foot apparatus was furnished applicant," amount to just that. Such a situation is hardly consistent with the broad, beneficent features of the Workmen's Compensation Act, nor with the liberal construction of that law so often commented upon in the various cases.

The present case is not basically unlike *Armstrong* v. *Industrial Acc. Com.*, 219 Cal. 673, 675 [28 P.2d 672]. In that case an employee had four distal phalanges of the left hand practically amputated by a circular power saw, but did not file a claim for compensation for more than a year after the injury and more than six months after medical attention was last furnished by the employer, but within 245 weeks after injury. The reviewing court held that the Industrial Accident

Commission had properly found the claim for permanent injury not barred; liability being computed on the basis of 25 per cent for the amputation and 5 per cent limitation of motion or stiffness which developed in the joints subsequent to the injury. In this connection the court there said: "It is manifest in this case that limitation of motion could not be determined as of the date of the injury and would not develop for some considerable period of time thereafter. The respondent commission has impliedly found that it did not develop for some time after the original injury. Such being the case and compensation for stiffness of the fingers being allowed, the respondent commission was authorized to grant compensation for all other disability."

The fundamental resemblance between the two cases is apparent when it is observed that on August 4, 1943, the present employee's injuries were described as follows: "Loss of all toes on left foot at proximal joints; slight tenderness on weight bearing; slight tendency of amputation scar to break down at times." At the later date of June 4, 1947, however, the employee's condition had become much more aggravated and was then described as follows: "Loss of all toes of left foot at proximal joints; *one-half inch atrophy about instep and one inch atrophy about calf muscles; moderate tenderness over proximal end of graft; with slight tenderness over plantar surface and end of fifth metatarsal.*" (Italics added.) As hereinbefore stated, the recommended rating in the earlier report was only 17¼ per cent as compared with 22¼ per cent in the later rating. And, as pointed out in respondent's answer, previous to the filing of the employee's formal claim, compensation had been voluntarily paid and medical treatment furnished. It will also be remembered that on March 11, 1947, the Royal Indemnity Company entered into a stipulation with the employee to the effect that the "figures contained in the report of . . . August 4th, 1943, are correct," specifying the estimated majority earnings of the employee.

None of the cases cited by either party specifically decide or purport to decide the exact question here involved. No statutory provision, either in the Labor Code or elsewhere, standing alone, is directly determinative. Nevertheless, when read together, the various items of statutory and case law in any manner applicable, without exception, constantly and consistently reiterate the two propositions hereinbefore re-

ferred to, namely that the Workmen's Compensation Act in all its parts, and particularly in reference to limitation of actions, shall be liberally construed; secondly, that preservation of the rights of minors is the particular care of all courts and all tribunals. These two propositions are and of necessity must be, determinative of the present issue.

The award is affirmed.

White, J., and Bartlett, J. pro tem., concurred.