[*Civ. No. 8408.   Fourth Dist., Div. One.   Feb. 17, 1967.*]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Plaintiff and Respondent, v. DAISY THORPE HOOK, Defendant and Appellant.

Jacobs, Jacobs, Nelson & Witmer and Robert H. Jacobs for Defendant and Appellant.

Harry S. Fenton, R. B. Pegram, Joseph A. Montoya, Richard L. Franck, H. Dean Stillwagon, Ira W. Holroyd and Charles E. Spencer, Jr., for Plaintiff and Respondent.

Hansen & Dolle, Burke Mathes and Hodge L. Dolle, Jr., as Amici Curiae on behalf of Plaintiff and Respondent.

FINLEY, J. pro tem.*—This is an appeal by defendant from an order denying her motion to vacate a judgment in condemnation proceedings claimed to be invalid because jurisdiction of the trial court had not been legally obtained.

On January 18, 1961, plaintiff State, acting through the Department of Public Works, filed in Orange County a complaint in eminent domain (action No. 93340), against the defendant Daisy Thorpe Hook seeking to condemn a portion of defendant's property for freeway purposes. The firm of Robinson & Robinson filed an answer in defendant's behalf.

On August 2, 1963, a substitution of attorneys was filed which named Hansen & Dolle and Burke Mathes as defendant's attorneys. This was done pursuant to a written contract of employment between defendant and the Hansen & Dolle and Mathes firm dated January 7, 1963.

Between August 2, 1963 and April 27, 1964, Mr. Dolle had conferences with the right-of-way staff and legal department of the State concerning accessibility to the remainder of defendant's property. His position was that defendant would suffer great damage if there was no frontage road to service this property. His efforts were successful; he was informed that action No. 93340 would be dismissed and a new action filed increasing the amount of land to provide for a frontage road.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

On April 27, 1964, action No. 93340 was dismissed without prejudice and without notice. Simultaneously, No. 123366, which sought to condemn the identical property described in No. 93340, plus sufficient acreage to allow the construction of a frontage road, was filed. On May 4, 1964, Hansen & Dolle and Burke Mathes by Hodge L. Dolle accepted service and notice of appearance for defendant in this new action.

On May 21, 1964, defendant sent a telegram to the firm of Hansen & Dolle and Burke Mathes which the court found to merely imply that she was selling the property, that the purchasers were going to substitute their own attorneys, and for that reason her contract of employment with Hansen & Dolle and Burke Mathes was terminated. The court found that no sale of the property was consummated and no substitution of attorneys of record was requested.

On May 22, 1964, Mr. Dolle acknowledged defendant's telegram with one of his own informing her that a new complaint had been filed, that he had accepted service for her before receiving her telegram, and that an answer must be filed. It was stipulated that defendant received this and all other communications regarding the action directed to her by her attorneys.

Affidavits filed in this action indicate that on June 1, 1964, defendant was informed by another attorney that she should wait for personal service in action No. 123366 before taking any action.

An answer dated June 12, 1964, was filed in action No. 123366 by Hansen & Dolle and Burke Mathes on behalf of defendant. Attorney Hodge L. Dolle testified that on August 21, 1964, he directed a letter to defendant enclosing a copy of the answer his firm had filed in her behalf. Defendant contends that on September 14, 1964, she informed this firm that they were not her attorneys, that they had not been authorized to accept service, and that they were to do nothing further. The court found that at no time before the time of trial did defendant inform plaintiff that the attorneys appearing of record for her were not authorized to represent her or act in her behalf.

On March 15, 1965, after action No. 123366 had been assigned for trial, and after counsel had departed, the court was handed a telegram signed by defendant which stated that Hansen & Dolle and Burke Mathes had been dismissed by defendant; that they had not been authorized to accept service for defendant; and that she had not been served.

Counsel who had appeared for the trial were returned to the presiding department where the telegram was read and discussed; thereafter they were ordered to proceed with the trial or a default would be entered.

Proceedings were held in the matter and pursuant to the verdict of a jury a judgment and final order of condemnation were entered.

On June 10, 1965, defendant appeared specially and moved to vacate the judgment and final order of condemnation, claiming there was a lack of jurisdiction. Affidavits were filed on the issue of jurisdiction.

In denying defendant's motion, the court concluded that Hansen & Dolle and Burke Mathes acted within the scope of their authority, that they had given defendant notice of appearance which was equivalent to personal service and sufficient to confer jurisdiction upon the court, and further, if defendant's attorneys exceeded their authority, defendant was fully informed of each step taken in her behalf and never objected by effective action, thereby estopping her from asserting lack of authority.

Defendant now appeals from the order denying her motion to vacate the judgment and final order of condemnation.

Appellant states the issues to be decided as follows:

1. *Did the Contract of Employment of Attorneys Dated June 7, 1963, Confer Authority Upon Counsel to Accept Service and Give Written Notice of Appearance On Behalf of Appellant Daisy Thorpe Hook In Case Number 123366?*

2. *If Said Contract Did Not Authorize Said Attorneys to Accept Service and Give Written Notice of Appearance, Is Appellant Estopped to Assert Lack of Jurisdiction Over Her Person by Reason of Failure to Inform Plaintiff That Counsel's Action Was Unauthorized?*

Appellant argues that a lay person who employs an attorney in a pending action will quite naturally assume that the employment is limited to that particular action, particularly where the contract of employment refers to the action by case name and number. We doubt the validity of this assumption for ordinarily in a contract of such nature the employing client is interested in the objectives of the litigation rather than in a mere number which is ordinarily meaningless other than for court bookkeeping purposes.

The contract reads as follows:

"THIS AGREEMENT is made in duplicate by and between DAISY THORPE HOOK, hereinafter called CLIENT, and HANSEN AND DOLLE AND BURKE MATHES of 453 South Spring Street, Los Angeles 13, California, hereinafter called ATTORNEYS.

WITNESSETH:

"That DAISY THORPE HOOK is the owner of the real property described in the complaint in eminent domain entitled State of California-vs-Daisy Thorpe Hook, et al., Superior Court Case Number 93340, County of Orange.

"That said CLIENT has employed and retained said attorneys to act on her behalf as attorneys and counsel in all matters pertaining to the proposed acquisition of said real property by the State of California.

"Said ATTORNEYS agree to perform all the services which are necessary and appropriate on behalf of and in the name of said CLIENT to secure just compensation for the taking and damaging of her real property and interests and estates in real property. Said services are to include negotiating with the public agency in charge of the acquisition program, consulting with the real estate appraisers recommended by ATTORNEYS and employed by said CLIENT, and the preparation and trial in the Superior Court, if necessary, of the action in eminent domain for the acquisition of said real property and interests and estates therein.

"Said CLIENT agrees to pay the ATTORNEYS as compensation in full for legal services rendered, 10% of any compensation received by said CLIENT for the taking of the real property, or interests or estates in real property, including abutters rights of access which are sought to be condemned, and for damages to the remaining property.

"It is further agreed that in the event of an appeal or abandonment in these proceedings, CLIENT will pay a reasonable compensation for legal services in connection therewith to said ATTORNEYS.

"DATED this 7th of June, 1963.

"(s) Daisy Thorpe Hook

"HANSEN & DOLLE-and-
BURKE MATHES

"By (s) Hodge L. Dolle."

From this reading it will be seen that the purpose of the first paragraph is to identify the property owned by appellant by reference to the complaint in the original action

which describes the total involved property belonging to appellant of which the portion sought to be condemned formed but a part. In the contract the attorneys accept employment by appellant "as attorneys and counsel in all matters pertaining to the proposed acquisition of *said real property* by the State of California." There is no showing that after execution of this contract appellant, at any time before trial, took any of the steps necessary to its effective abrogation. The fact of dismissal of action No. 93340 and the commencement of a new action covering the same property as part of a larger parcel sought to be taken would not, by any terms appearing in the contract, alter its application. We interpret the reference to "abandonment in these proceedings," appearing in the last paragraph of the contract to mean abandonment by the public agency of the endeavor to condemn the client's property, not merely dismissal by plaintiff-condemner of one action in the over-all proceedings and the commencement of another involving the same property with more added to it.

The rules applicable here are well stated in the case of *Davis v. Rudolph*, 80 Cal.App.2d 397, 402 [181 P.2d 765], as follows: ■ " 'It is well settled that a client has a right to discharge his attorney at any time, except where the attorney has an interest in the subject matter of the suit, even though a contingent fee has been agreed upon, or an irrevocable power of attorney given, or the client is indebted to the attorney for services or money advanced.' [Citations.]

■ "While the client has an absolute right as above set forth to discharge his attorney at any stage of the proceeding, the substitution of an attorney of record can only be made in the manner provided in section 284, Code of Civil Procedure. (3 Cal.Jur. 639.)

■ " 'It is settled that the attorney of record has the exclusive right to appear in court for his client and to control the court proceedings, so that neither the party himself [citing cases], nor another attorney [citing cases] can be recognized by the court in the conduct or disposition of the case.' (*Wells Fargo & Co. v. City etc. of San Francisco*, 25 Cal.2d 37, 42 [152 P.2d 625].) "

Code of Civil Procedure, sections 284 and 285 set forth the statutory requirements for substituting attorneys. Our primary concern here is not with the relationship created by the contract between the signators, but is focused upon the situation resulting to those entitled to rely upon the ostensible

relationship launched by the contract and supported by the subsequent conduct of the signators. The purpose of Code of Civil Procedure, sections 284 and 285, is to guide the courts and protect opposing litigants from just such behind the scenes activities as those involved here.

On May 22, 1964, 10 months before the trial, a telegram from Mr. Dolle advised appellant that he or his firm had accepted service on her behalf. On June 12, 1964, the firm filed an answer in her name and she was so informed. Under these circumstances, she could not fail to further inform herself and take action concerning the situation without creating in respondent's behalf the defense of ratification or estoppel. In substance she ratified acceptance of service and the filing of the answer by her failure to take positive measures to undo the resultant legal effect upon which, in the absence of timely notice to the contrary, the opposing party was entitled to rely. From the record before it the court was entitled to infer such ratification, and a telegram from appellant addressed to the court on the day set for trial came too late to effect relief from laches.

It is not incumbent upon litigants to investigate the relationship between opposing attorneys of record and their clients. In the absence of actual and timely notice, they and the courts have every right to rely upon the court records as binding upon both litigants and the attorneys appearing of record in their behalf.

The order is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 12, 1967.