[Civ. No. 11807.   Third Dist.   June 17, 1968.]

JOSEPH BEAIDA, Petitioner, v. WORKMEN'S COMPEN-
SATION APPEALS BOARD, PLACER COUNTY
HOSPITAL et al., Respondents.

Eugene C. Treaster for Petitioner.

Everett Corten, Marcel Gunther, T. Groezinger, Loton Wells and G. K. Bogue for Respondents.

FRIEDMAN, J.—The question is whether the workmen's compensation claimant effectively instituted supplementary proceedings for an increased disability award within the five-year period of limitations fixed by the Labor Code. He suffered a compensable back injury on December 14, 1961. On September 11, 1964, he was awarded 25½ percent permanent disability with further medical care. He had an attorney of record in the proceeding. Dr. Thomas J. Cummings was one of the treating physicians. In November 1964 an order of commutation was made at the claimant's request. Between August and November 1965 the same attorney of record appeared for the claimant and successfully resisted the insurer's application to terminate liability for medical treatment.

On September 26, 1966, within five years of the injury date, Dr. Cummings addressed a letter to WCAB calling attention to the patient's protracted symptoms and enclosing several medical reports. He expressed the opinion that the award did not fairly cover the extent of the claimant's disability and asked whether an adjustment in the disability rating was justified.[1] WCAB replied (with a copy to the insurance carrier) stating that it had not heard from any of the parties or their attorneys and was forwarding the doctor's letter and enclosures to the claimant's attorney of record. Nothing happened. In February 1967 the claimant consulted his present counsel, who requested a hearing on the ground that Dr. Cummings' letter of September 26, 1966, constituted a timely petition to reopen the proceeding within the five-year period fixed by Labor Code section 5410.[2] The request for hearing was accompanied by a formal substitution of attorneys. At the hearing the parties stipulated that claimant had asked Dr. Cummings to write the September 26 letter without realizing

---

[1]Dr. Cummings' letter stated:

"Much material has been provided you regarding the status of the above patient, some of it questioning the patient's protracted symptomatology. He has had numerous physical examinations and x-rays, about which consultants agree to varying degrees that the man can never return to his former occupation of hospital attendant and janitorial service operator. They also have questioned the patient's consistent complaint of pain, particularly in the low back, right hip and leg. The fact that neither physical examination nor x-ray measures pain well has not deterred this implication. My recommendation for electromyography, giving a more precise estimate of the malingerer's refuge 'pain' was denied.

"More recently, in an effort to re-evaluate the patient for rehabilitation, Mrs. Ruth Alexander, Medical Supervisor, Placer County Welfare Department, arranged for an unbiased orthopedic evaluation, including electromyography, at the University of California. Enclosed is a copy of this report and my letter to Placer County Welfare and the State Department of Rehabilitation regarding it. It is my opinion that the State Compensation Commission's determination on this man was self serving, and did not objectively and fairly cover the extent of his disability. Merely offering a settlement which did little more than pay the accrued medical bills, and leave him nearly unemployable in the hands of the local welfare agency, still disabled both physically and emotionally, does not seem to be justified. The man has been forced to sell his small house because of this disability.

"In view of the enclosed report, does not an adjustment of Mr. Beaida's disability rating and settlement seem indicated? What do you advise in rectifying this situation?"

[2]Labor Code section 5410 provides in part: "Nothing in this chapter shall bar the right of any injured employee to institute proceedings for the collection of compensation within five years after the date of the injury upon the ground that the original injury has caused new and further disability. The jurisdiction of the appeals board in such cases shall be a continuing jurisdiction at all times within such period. . . ."

that his original attorney remained of record in the proceeding. WCAB denied relief. A petition for review was then filed with this court.

In summary, WCAB takes the position that Dr. Cummings' September 26 letter was not entitled to recognition as a pleading or petition, since the claimant still had an attorney of record; that the attorney, not the doctor, was the claimant's spokesman in the WCAB proceedings. As we understand its brief, WCAB does not argue lack of power to dispense with a formal dismissal or substitution of the attorney; or that it was deprived by law of authority to recognize the doctor's letter as a request emanating from the claimant himself. While conceding that informality is encouraged in its proceedings, it argues that it could properly insist on compliance with its established procedural rules.

Labor Code section 5410 permits an injured employee to institute proceedings for additional compensation upon the ground that the original injury has caused "new and further disability." It vests WCAB with jurisdiction to make the award if the injured employee institutes proceedings within five years of the injury date. (*Sutton* v. *Industrial Acc. Com.*, 46 Cal.2d 791, 794 [298 P.2d 857].) A broader proceeding is available under sections 5803 and 5804, which authorize WCAB to amend an award upon a good cause where the disability has recurred or increased.[3] In 1963 section 5804 was amended to permit exercise of jurisdiction under section 5803

---

[3]Labor Code section 5803: "The appeals board has continuing jurisdiction over all its orders, decisions, and awards made and entered under the provisions of this division. At any time, upon notice and after an opportunity to be heard is given to the parties in interest, the appeals board may rescind, alter, or amend any such order, decision, or award, good cause appearing therefor.

"Such power includes the right to review, grant or regrant, diminish, increase or terminate, within the limits prescribed by this division, any compensation awarded, upon the grounds that the disability of the person in whose favor such award was made has either recurred, increased, diminished, or terminated."

Labor Code section 5804 (1963 addition indicated by italics): "No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury *except upon a petition by a party in interest filed within such five years and any counterpetition seeking other relief filed by the adverse party within 30 days of the original petition raising issues in addition to those raised by such original petition.* Provided, however, that after an award has been made finding that there was employment and the time to petition for a rehearing or reconsideration or review has expired or such petition if made has been determined, the appeals board upon a petition to reopen shall not have the power to find that there was no employment."

after lapse of the five-year period if a party in interest has filed a petition within that period. As these statutes now read, sections 5410 and 5803-5804 provide parallel time limitations. (1 Hanna, California Law of Employee Injuries and Workmen's Compensation (2d ed.) § 9.02[1] [d], pp. 9-10.)

Thus the existence of jurisdiction to award supplementary relief either under section 5410 or section 5803 depends upon the status of Dr. Cummings' letter as an effective petition within the five-year period. The claimant's petition for review seeks recognition of Dr. Cummings' letter under section 5410 only. The response of WCAB and the oral argument in this court discussed section 5803 as well. Neither party has requested opportunity for additional briefing. Under the circumstances the court takes the position that sections 5803-5804 as well as section 5410 may be considered without unfairness to either side.

Evaluation of WCAB's position requires a brief summary of procedural provisions of the workmen's compensation law and of the rules of practice and procedure established by the board.[4] In a workmen's compensation proceeding no pleadings other than the application and answer are required; these are to conform to the appeals board's rules of practice and procedure. (Lab. Code, § 5500.) The rules declare that all requests for action by the appeals board other than applications or answers shall be considered "petitions" (Rule 10450); that petitions invoking continuing jurisdiction under Labor Code section 5803 must set forth specifically the facts relied upon to establish good cause for reopening (Rule 10454); that, where a prior application has been filed, jurisdiction under Labor Code section 5410 is to be invoked by a petition specifically setting forth the facts relied upon to establish new and further disability (Rule 10458). The act (Lab. Code, § 5700) permits a party to be present at any hearing in person or by an attorney or other agent. The rules provide for an official address record for each attorney appearing in a case (Rule 10308); declare that substitution or dismissal of attorneys shall be made as provided in the Code of Civil Procedure (Rule 10312); require service of papers on the party's attorney when he has one (Rule 10510).

Labor Code section 3202 imposes on the courts and on WCAB an obligation of liberal construction in order to

---

[4]These rules appear in title 8, California Administrative Code. They are adopted in the exercise of the board's authority to adopt reasonable rules of practice and procedure. (Lab. Code, §§ 5307, 5500.)

extend protection to injured employees. █ Limitation provisions, such as sections 5410 and 5803, must be liberally construed in favor of the employee unless the language compels a result detrimental to him. (*Fruehauf Corp.* v. *Workmen's Comp. Appeals Board,* 68 Cal.2d 569, 577 [68 Cal. Rptr. 164, 440 P.2d 236] ; *Royal Indem. Co.* v. *Industrial Acc. Com.,* 85 Cal.App.2d 373, 378 [192 P.2d 811].) █ In this case the interpretive question is whether the provisions for institution of proceedings in section 5410 and for a "petition by a party in interest" in section 5804 are broad enough to include the letter written on the claimant's behalf by Dr. Cummings. Indisputably the doctor wrote the letter at the request of the claimant, who did not realize that he should have acted through his attorney of record. The document was written and delivered to WCAB within five years of the injury date. In essence, it claimed pain and disability for which the compensation provided by the original award now turned out to be inadequate. Upon receiving the letter WCAB properly referred it to the claimant's attorney of record. Nevertheless, it remained as a tangible expression to the board of the claimant's need or desire for augmentation of the award. The claimant, through ignorance, did not go to his attorney of record but consulted other counsel. By the time the new attorney could act, the five-year period had passed. Then the claimant, through substituted counsel, sought recognition of the September 26 document as the initiation of a proceeding for supplementary relief. At that point WCAB concluded that it could not recognize the document without disregarding its own procedural rules for channelization of proceedings through parties' attorneys of record.

Recognition of the document as a pleading or petition entails neither invalidation nor violation of WCAB's procedural regulations. █ Board Rules 10454 and 10458, relating to petitions for supplementary relief, are premised on the view that such petitions are pleadings or applications within the meaning of Labor Code section 5500. Board Rule 10312, absorbing the Code of Civil Procedure provisions on substitution and dismissal of attorneys of record, aims at the same objective as the general law, that is, to guide the tribunal and to protect the opposite party from concealed shifts in attorney-client relationships. (*People* ex rel. *Dept. Public Works* v. *Hook,* 248 Cal.App.2d 618, 624 [56 Cal.Rptr. 683].) These are appropriate exercises of the board's

authority to adopt "reasonable and proper" procedural rules. (Lab. Code, §§ 5307, subd. (a), 5500.)

Such rules of procedure serve the convenience of the tribunal and the litigant and facilitate the proceedings. They do not deprive the tribunal of the power to dispense with compliance when the purposes of justice require it, particularly when the violation is formal and does not substantially prejudice the other party. (*Lindell Co.* v. *Board of Permit Appeals*, 23 Cal.2d 303, 319 [144 P.2d 4]; *Gage* v. *Gunther*, 136 Cal. 338, 347 [68 P. 710, 89 Am.St.Rep. 141]; *National Labor Relations Board* v. *Monsanto Chemical Co.*, 205 F.2d 763; *Lake Placid Club, Inc.* v. *Abrams*, 6 App.Div. 469 [179 N.Y.S.2d 487].) One court has expressed an analogous approach to the Code of Civil Procedure provisions on substitution and dismissal of counsel, suggesting that these do not deprive a court of the power to dispense with formal compliance in the interest of justice. (*Ross* v. *Ross*, 120 Cal.App.2d 70, 74 [260 P.2d 652]; see 7 C.J.S., Attorney and Client, § 121, pp. 951-952.)

■ Thus WCAB's hands were not tied by its own procedural rules. There was no lack of power here. In failing to consider exercise of the dispensing power relative to its own procedural rules, the board acted unreasonably, indulging in a strict interpretation of the limitation statutes, an interpretation unfavorable to the injured employee and uncompelled by law.

■ The board contends that Dr. Cummings' letter did not allege a "new and further disability" under section 5410 but simply argued inadequacy of the disability award previously made. The argument has no significance, since section 5803 is available as an alternate source of supplementary relief. Liberally construed, the letter did not request reconsideration of the original award; rather, its theme was that the award fell short of the eventual disability, hence was inadequate and should be augmented. Thus it expressed "good cause" for an increased award for increased disability under section 5803. (See 1 Hanna, *op. cit., supra,* § 9.02, pp. 9-11—9-13.) Since the document was filed before expiration of the five-year limitation period, any lack of specificity was and is curable by amendment elucidating the same general facts alleged in the document. (1 Hanna, *op. cit., supra,* § 5.01[2] [e], p. 5-8; cf. *Lambreton* v. *Industrial Acc. Com.*, 46 Cal.2d 498 [297 P.2d 9].)

The order is annulled and the cause remanded to the board for further proceedings.

Pierce, P. J., and Regan, J., concurred.