[L. A. No. 29519.   In Bank.   Apr. 22, 1968.]

LEANDER LEROY JONES, Petitioner, v. WORKMEN'S
COMPENSATION APPEALS BOARD, STATE COM-
PENSATION INSURANCE FUND et al., Respondents.

Wilford N. Sklar for Petitioner.

Richman, Garrett & Ansell and Lewis Garrett as Amici Curiae on behalf of Petitioner.

Everett A. Corten, Edward A. Sarkisian, Sheldon M. Ziff, T. Groezinger, Loton Wells and F. G. Loughrey for Respondent.

MOSK. J.—We granted petitioner Leander Leroy Jones' application for a writ of review to consider his contention that, in overturning the referee's award in his favor, the Workmen's Compensation Appeals Board (hereinafter called W.C.A.B.) acted without substantial evidence in the record to support its determination. We hold that no probative evidence supports the W.C.A.B.'s decision, and it must therefore be annulled.

In 1961 petitioner, a garbage collector, sustained a severe back injury in the process of lifting a 50-gallon trash barrel. In its initial decision, issued upon reconsideration on November 10, 1965, the W.C.A.B. found that petitioner had suffered a 42 percent disability. At that time petitioner also claimed a traumatic psychoneurosis but his purported disability in that regard was not then sustained.

On November 30, 1965, petitioner was committed to the Patton State Hospital for the mentally ill. On December 22, 1965, petitioner instituted the present action, raising the issue of a new and further disability based on mental illness growing out of and attributable to his injury. The case was reopened, new evidence was received, and the referee issued his award on February 14, 1967. The uncontradicted medical testimony, including that of an independent medical examiner, estab-

478

lished that since November 1965 petitioner had been *totally* disabled by reason of his mental and emotional instability which resulted directly from his industrial injury. On the basis of the uncontradicted testimony the referee found petitioner to have a 100 percent permanent disability resulting from traumatic psychoneurosis.

The City of Riverside and the State Compensation Insurance Fund, as respondents, filed a petition for reconsideration with the W.C.A.B. and claimed that the doctrine of res judicata barred the new decision. The W.C.A.B. rejected their res judicata contention,[1] but ruled for respondents on the merits in reliance on medical testimony given in 1964 and 1965 in the *initial* (as distinguished from the reopened) stage of the proceeding. The W.C.A.B. expressed its opinion as follows: ''We have reviewed the record, including the medical report of Dr. Richard R. Parlour dated August 4, 1964, in which Dr. Parlour concludes that the patient's mental status is the same as before the industrial injury in June 1961. Dr. Joseph Perlson, Independent Medical Examiner, in his report dated January 15, 1965, concludes that the applicant was not suffering from any post-traumatic psychoneurosis or any other mental disease resulting from the industrial injury of June 10, 1961. In view of the substantial evidence of record, including the aforesaid medical reports, it is our opinion that the applicant did not suffer any additional temporary total disability or permanent disability during the period November 30, 1965, through January 5, 1966. In our opinion, the reports of Dr. Parlour and Dr. Perlson are more persuasive than the other medical reports bearing on the aforesaid injury in this case. Our power to choose between conflicting medical reports is too well settled to require further comment. (See *Foster* v. *I.A.C.*, 20 C.C.C. 276 [136 Cal.App.2d 812 (289 P.2d 253)]).''

█ The rules to be applied by the courts on review of W.C.A.B. decisions are indeed well settled; its factual determinations cannot be disturbed unless they are unsupported by substantial evidence. █ ''Under rules of construction by which we are bound, findings of the [W.C.A.B.] must be liberally interpreted in favor of sustaining an award and even if the findings are inadequate for uncertainty, they will be upheld if they can be made certain by reference to the record. █ Moreover, conflicts in the evidence must be

[1] In this proceeding the respondents do not dispute the correctness of the W.C.A.B.'s res judicata ruling.

resolved in favor of the findings of the [W.C.A.B.], and if there is any evidence in their support, findings will not be disturbed on appeal.'' (*Rogers Materials Co.* v. *Industrial Acc. Com.* (1965) 63 Cal.2d 717, 721 [48 Cal.Rptr. 129, 408 P.2d 737].)

We do not question the power of the W.C.A.B. to choose among conflicting medical reports those which it deems most persuasive. In *Foster* v. *Industrial Acc. Com.* (1955) 136 Cal.App.2d 812 [289 P.2d 253], which the W.C.A.B. cites for authority in the instant case, the decedent suffered a fatal heart attack while on his job. One doctor was of the opinion that the attack was directly related to his work while a second testified that there was no such relation. The referee chose the opinion of the second doctor, and both the commission and the Court of Appeal sustained that finding. But *Foster* is not controlling here. In that case the conflicting testimony was adduced at the same hearing, whereas here the conflict is between the medical opinion of doctors who observed petitioner at the initial hearing and of those who examined him when the case was reopened after the occurrence of significant subsequent events in the course of his medical history. The issue presented here is whether the W.C.A.B. could properly consider antecedent medical testimony when it rescinded on reconsideration an award based on later medical testimony.

Respondents contend that upon reconsideration the W.C.A.B. can render a decision in light of all the evidence in the record. (Lab. Code, § 5907.) But that rule does not relieve the W.C.A.B. from its obligation to make findings upon probative evidence. It is obvious that the earlier medical testimony could not have taken into account petitioner's subsequently developed mental condition. Indeed, it was the need to determine the nature and extent of the later condition that necessitated the reopening of the award he had already received.

We quoted from the W.C.A.B. opinion on reconsideration; we also note that one commissioner dissented, and in his dissent incorporated the following from the referee's report: ''In this case in which the [respondents] had not filed any current medical report since the last proceedings that led to the decision of November 10, 1965, both sides were content to rest this case on an opinion of Dr. Gericke, the Superintendent of Patton State Hospital. . . . Because of illness Dr. Gericke requested to be excused and designated as a substitute

Dr. Haynes, who was acceptable to both parties. It is important to remember in this case *there is no medical opinion with respect to applicant's current condition other than that of Dr. Haynes as independent medical examiner and Dr. Thompson on behalf of the applicant.*'' (Italics in original.) Both these doctors agreed that petitioner's present medical condition rendered him totally disabled, and further that it was directly related to the back injury he had sustained.

Since the W.C.A.B.'s decision unmistakably rests on evidence that is unrelated to—and hence, not probative of—petitioner's present mental condition, it cannot stand. The decision also contravenes uncontradicted testimony in the later hearing. We have heretofore reminded the W.C.A.B. of the Legislature's command that workmen's compensation laws be liberally construed ''with the purpose of extending their benefits for the protection of persons injured in the course of their employment.'' (Lab. Code, § 3202; *Reynolds Elec. etc. Co.* v. *Workmen's Comp. Appeals Board* (1966) 65 Cal.2d 429, 433 [55 Cal.Rptr. 248, 421 P.2d 96].) ██ We have also said that the W.C.A.B. is not entitled to rely on medical reports which it knows to be erroneous (*McCoy* v. *Industrial Acc. Com.* (1966) 64 Cal.2d 82, 92 [48 Cal.Rptr. 858, 410 P.2d 362]); similarly, it cannot rest a decision on medical reports that are no longer germane.

The decision of the W.C.A.B. is annulled, and the cause is remanded to that board for further proceedings consistent with the views herein expressed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.