[Civ. No. 10731. Fourth Dist., Div. Two. June 21, 1971.]

ARTHUR L. DILL, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
PACIFIC EMPLOYERS INSURANCE COMPANY et al., Respondents.

**COUNSEL**

Robert W. Battin for Petitioner.

Rupert A. Pedrin, Lionel K. Hvolboll, Gabriel L. Sipos, Robert E. Perkins, Jr., Thomas C. Lynch and Evelle J. Younger, Attorneys General, and Jerold A. Prod, Deputy Attorney General, for Respondents.

## OPINION

**KERRIGAN, Acting P. J.**—Petitioner [applicant] seeks relief to set aside a Workmen's Compensation Appeals Board decision after reconsideration wherein the board annulled an award of the referee increasing the applicant's permanent disability from 65 percent to 100 percent.

In August 1961 the applicant, Arthur L. Dill, born June 19, 1907, suffered an injury to his head and neck, resulting in a serious neurosis, while employed as a delivery man by the Santa Monica Auto Parks, a copartnership, whose compensation carrier is the respondent Pacific Employers Insurance Company, a corporation.

In April 1965 he received a 65 percent permanent disability award. The board found that there was no basis for apportionment so the entire benefit was to be paid by Pacific Employers.

In August 1966 the applicant filed a petition to reopen, claiming he was 100 percent disabled as a result of the neurosis condition.

After several hearings, the referee issued findings and an award in October 1967 determining that the applicant was entitled to a 100 percent disability rating. The board granted the insurer's petition for reconsideration,[1] and directed that an independent medical examiner be appointed to examine the applicant. On August 18, 1970, the board reduced the 100 percent rating to 65 percent and, on September 23, 1970, the board denied reconsideration of its order of August 18, 1970.

The legal and medical history in this case is voluminous. Stated concisely, the referee based his findings and recommended award of 100 percent disability on the medical report and testimony of an independent medical examiner, Dr. Lunsky, to the effect that the applicant was totally disabled solely as a result of the August 1961 industrial accident without any aggravation of a pre-existing condition. His diagnosis was that the applicant's disability resulted from post-traumatic neurosis with marked depressive factors. He recommended monthly psychiatric care.

---

[1]The applicant filed a petition in this court for review of the board's order granting reconsideration. The petition was denied without opinion. An order granting reconsideration is not a final order. (See *Lopez* v. *Industrial Acc. Com.*, 20 Cal.Comp.Cases 293.) Consequently, the denial of the petition did not constitute a ruling on the merits.

Following the granting of the insurer's petition for reconsideration, a second I.M.E., Dr. Schwartz, was appointed in accordance with the board's directive. He prepared a report containing his diagnosis, conclusions and recommendations relative to the applicant's condition and was also cross-examined before the referee. His diagnosis was that the applicant suffered from ". . . a personality disorder, passive dependent type, severe, incapacitating . . . (which) is not connected with the industrial accident." The doctor recommended that the applicant ". . . be referred to the Social Security Administration for economic aid as a chronically disabled person." Dr. Schwartz indicated that the physical trauma sustained in the auto accident of August 9, 1961, had intensified owing to the progression of a pre-existing emotional disturbance. In its order on reconsideration, dated August 18, 1970, the board found ". . . that any increased disability that applicant may have is the result of the natural progression of his condition and is not related to the within injury of August 9, 1961."

The issue on review is whether there is any substantial evidence to support the board's findings and order.

While it is the province of the Workmen's Compensation Appeals Board to make findings of fact and resolve conflicts in the evidence (*Liberty Mut. Ins. Co*. v. *Industrial Acc. Com.,* 33 Cal.2d 89, 93 [199 P.2d 302); see also Lab. Code, § 5953), and the opinion of a single physician may constitute substantial evidence (*Smith* v. *Workmen's Comp. App. Bd.,* 71 Cal.2d 588, 592 [78 Cal.Rptr. 718, 455 P.2d 822]; *Allied Comp. Ins. Co.* v. *Ind. Acc. Com.,* 57 Cal.2d 115, 122 [17 Cal.Rptr. 817, 367 P.2d 409]), it is also true that the decision of the board must be reasonable (*Greydanus* v. *Industrial Acc. Com.,* 63 Cal.2d 490, 493 [47 Cal.Rptr. 384, 407 P.2d 296]), and that a finding of the board must be supported by substantial evidence. (See *LeVesque* v. *Workmen's Comp. App. Bd.,* 1 Cal.3d 627, 635 [83 Cal. Rptr. 208, 463 P.2d 432].)

It is likewise axiomatic that it is a board function to apportion a disability between industrial and non-industrial causes, and that any award based upon that determination will not be annulled if there is substantial evidence to support it. (*Spillane* v. *Workmen's Comp. App. Bd.,* 269 Cal.App.2d 346, 349 [74 Cal.Rptr. 671].)

In the case under review, the board determined in 1965 that there was no basis for apportionment, which was equivalent to a finding that the applicant did not suffer from a disabling neurotic condition before sustaining the 1961 industrial injury. There was no evidence on reopening indicating the applicant had suffered any injury, industrial or nonindustrial,

following the 1961 injury or 1965 award. Consequently, the issues of causation and apportionment were not even before the board, and Dr. Schwartz' opinion to the effect that the applicant suffered from a pre-existing disease must be disregarded (see *Berry* v. *Workmen's Comp. App. Bd.*, 68 Cal.2d 786, 792 [69 Cal.Rptr. 68, 441 P.2d 908]), and cannot support the board's decision. (See *Zemke* v. *Workmen's Comp. App. Bd.*, 68 Cal.2d 794, 801 [69 Cal.Rptr. 88, 441 P.2d 928]; *Jones* v. *Workmen's Comp. App. Bd.*, 68 Cal.2d 476, 480 [67 Cal.Rptr. 544, 439 P.2d 648].)

In the absence of evidence of some trauma subsequent to the 1961 injury or the 1965 award, the only substantive issue before the board in this case was whether the applicant's disability had increased since the rendition of the 1965 award. Both independent medical examiners agreed that he was 100 percent disabled. Inasmuch as Dr. Schwartz attempted to attribute the increased disability to a pre-existing condition, and inasmuch as his opinion was an endeavor to improperly apportion the disability between industrial and nonindustrial causes, his opinion was not entitled to any weight whatsoever, and the board's findings, which were predicated thereon, must be set aside. The only relevant evidence was that rendered by Dr. Lunsky and, upon the basis thereof, the referee acted properly in finding that the applicant was permanently and totally disabled as a result of the 1961 injury.

The decisions of the board of August 18, 1970 and September 23, 1970, are annulled and the cause is remanded to the board to enter findings and order in accordance with the referee's findings and award.

Tamura, J., and Kaufman, J., concurred.

A petition for a rehearing was denied July 13, 1971, and the petition of the respondent Board for a hearing by the Supreme Court was denied August 18, 1971.