47 Cal.App.3d 634 (1975)
121 Cal. Rptr. 239
RAYMOND S. HULBERT, Petitioner,
v.
WORKMEN'S COMPENSATION APPEALS BOARD and PACIFIC TELEPHONE AND TELEGRAPH COMPANY, Respondents.
Docket No. 35402.
Court of Appeals of California, First District, Division One.
April 29, 1975.
*636 COUNSEL
Sapper, Pentoney & Stone and Howard A. Pentoney for Petitioner.
Frank H. Batlin, Philip M. Miyamoto, Thomas J. McBirnie, Downey, Brand, Seymour & Rohwer and Henry E. Rodegerdts for Respondents.
OPINION
ELKINGTON, J.
On the petition of Raymond S. Hulbert, we review a partial permanent disability award granted him by the Workmen's Compensation Appeals Board.
*637 (1a) Hulbert was employed as a telephone equipment repairman. Around 1951 he was subjected to a laminectomy of the lower back. The operational result was "good." About five months later he returned to his employment where he performed "his regular work without restrictions" for about 20 years. He had "no problems climbing the ladders or doing his work." During that period he "did not lose any time from work," nor did he "require medical care." He did "the same work as any other man," and "in addition, he built a three-bedroom house in his spare time." He did, however, during the 20-year period, have "occasional mild episodes of low back pain," but it was "not disabling."
In 1971 Hulbert suffered an industrial injury. Following appropriate proceedings the respondent board found him to have a 30 percent partial permanent disability. Then, ostensibly applying Labor Code section 4750, the board "apportioned" out five-sixths of that disability as existing prior to the 1971 injury. A workmen's compensation award then issued, based upon a 5 percent (or 5 1/2 percent) partial permanent disability.
In the proceedings the board received in evidence reports of five medical examiners, three of whom appear to have been engaged by the self-insured employer and two by Hulbert. None of these doctors found Hulbert's disability traceable in any way to his 1951 medical trouble. One did not think that the current disability was "a recurrence of his old disc problem." Another reported that "in my opinion, Mr. Hulbert's backaches unequivocally are caused by his back injury of June 8, 1971." Yet another said, "I do not believe [the present symptoms] are associated with the previous back injury." The fourth doctor reported no relationship between the 1951 laminectomy and the 1971 disability, while the fifth found Hulbert's occasional back pain "not disabling, during the intervening years." (Italics added.)
The board, however, caused a doctor from its own medical bureau to examine Hulbert. He testified that although the applicant was always able to do his work, from "time to time" he suffered intermittent back pain which, in the doctor's opinion, would "probably be more than minimal." This occasional pain, traceable to the 1951 incident, the witness opined, caused Hulbert a 25 percent permanent disability, even before his 1971 injury. On further questioning the doctor agreed that during Hulbert's 20 years of continuous employment preceding his industrial injury, he had no "symptomatology which required medical treatment," and further, that "a lot of people without injuries get backaches." The board's apportionment of five-sixths of Hulbert's *638 disability as preexisting his 1971 industrial accident, was based solely on the testimony of this witness.
(2) Binding upon us is the recent declaration of the state's Supreme Court in Le Vesque v. Workmen's Comp. App. Bd. (1970) 1 Cal.3d 627, 637 [83 Cal. Rptr. 208, 463 P.2d 432].
The court there stated: "In reviewing the evidence our legislative mandate and sole obligation ... is to review the entire record to determine whether the board's conclusion was supported by substantial evidence." (Italics added.)
LeVesque (1 Cal.3d, pp. 635-637) specifically rejected earlier judicial declarations that an award of the board must be sustained, if supported by "any evidence" (see Jones v. Workmen's Comp. App. Bd. (1968) 68 Cal.2d 476, 479 [67 Cal. Rptr. 544, 439 P.2d 648]; Rogers Materials Co. v. Ind. Acc. Com. (1965) 63 Cal.2d 717, 721 [48 Cal. Rptr. 129, 408 P.2d 737]), or "any substantial evidence" (see Douglas Aircraft, Inc. v. Ind. Acc. Com. (1957) 47 Cal.2d 903, 905 [306 P.2d 425]; Baker v. Industrial Acc. Com. (1966) 243 Cal. App.2d 380, 390 [52 Cal. Rptr. 276]). Although such a rule may continue in other fields of our law, in workmen's compensation cases a reviewing court is no longer mandated to inquire only "whether there is substantial evidence in favor of the respondent"; and then if such be found, "no matter how slight it may appear in comparison with the contradictory evidence," be bound to affirm the decision under review. (See Walton v. Bank of California (1963) 218 Cal. App.2d 527, 540 [32 Cal. Rptr. 856]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 249, p. 4241.) Nor is Mr. Witkin's terse section head condensation of the rule as to what ordinarily constitutes substantial evidence, i.e., "Slight Evidence of Respondent," while "Overwhelming Evidence of Appellant [is] Disregarded" (op. cit. supra, §§ 248, 249, pp. 4240, 4241), any longer apposite in such cases.
LeVesque gives effect to Labor Code section 5952, which provides that: "The review by the court shall not be extended further than to determine, based upon the entire record ... whether: ... (d) The order, decision, or award was not supported by substantial evidence...." (Italics added.)
But in its review of the entire record, the reviewing court is further admonished by section 5952 that: "Nothing in this section shall permit the court ... to exercise its independent judgment on the evidence."
*639 It will be seen that under LeVesque our function in workmen's compensation cases is to consider the weight or persuasiveness of all of the evidence, as contrasted with that tending to support the board's decision. For unless we do so we have not reviewed the "entire record to determine whether the board's conclusion was supported by substantial evidence." But on the other hand, by mandate of Labor Code section 5952, we may not exercise our "independent judgment on the evidence."
(3) The narrow area of our review is not made clear by LeVesque, but we are aided by other decisions of the court. In Dimmig v. Workmen's Comp. Appeals Bd. (1972) 6 Cal.3d 860, 864 [101 Cal. Rptr. 105, 495 P.2d 433], and Reinert v. Industrial Acc. Com. (1956) 46 Cal.2d 349, 358 [294 P.2d 713], it was held that: "Where ... there is no real dispute as to the facts, the question of whether an injury was suffered in the course of employment is one of law and a purported finding of fact on that question is not binding on an appellate court." (Italics added.) While this authority is by its terms limited to the inquiry whether an injury was sustained in the course of a workman's employment, it seems equally applicable to any attack on an award of the board, based upon insufficiency of the evidence.
It follows that our inquiry in the instant case is whether there was a "real dispute as to the facts" upon which the board's conclusion that five-sixths of Hulbert's disability antedated his 1971 injury, were based. If there was such a real dispute the board's award must stand; if there was none we may set it aside for in that case it is not binding upon us.
(4) Also of concern to us is Labor Code section 3202 which provides: "The provisions of Division IV and Division V of this code [i.e., the Workmen's Compensation Act, including § 4750] shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (Italics added.) This statute applies equally to "the courts" and to the Workmen's Compensation Appeals Board (see Beaida v. Workmen's Comp. App. Bd. (1968) 263 Cal. App.2d 204, 208-209 [69 Cal. Rptr. 516]); it applies also to factual as well as statutory construction (see Lundberg v. Workmen's Comp. App. Bd. (1968) 69 Cal.2d 436, 439 [71 Cal. Rptr. 684, 445 P.2d 300]), and any reasonable doubt whether a disability is compensable will be resolved in favor of the employee (see Truck Ins. Exchange v. Ind. Acc. Com. (1946) 27 Cal.2d 813, 816 [167 P.2d 705]).
*640 And to be considered is the rule that an "expert opinion is ... insufficient to support a board determination when that opinion is based on surmise, speculation, conjecture, or guess." (Place v. Workmen's Comp. App. Bd. (1970) 3 Cal.3d 372, 378 [90 Cal. Rptr. 424, 475 P.2d 656].)
(1b) With these several principles in mind, we have no difficulty whatever in concluding that the board's apportionment of the award was unsupported by the evidence.
The record fairly discloses that Hulbert had long since been rehabilitated with respect to the disability attending his 1951 laminectomy. (5) The concept of "prophylactic" disability will not be retroactively applied in the absence of evidence to show that the workman was actually restricted in his work activity by medical advice. (Amico v. Workmen's Comp. Appeals Bd. (1974) 43 Cal. App.3d 592, 606 [117 Cal. Rptr. 831], and see the authority there collected.) (6) And pain alone without incapacity to do one's work is never a disability under the Workmen's Compensation Act.[1] (1c) A consideration of the entire record discloses no substantial evidence that, at the time he sustained his 1971 industrial injury, Hulbert suffered from any preexisting "permanent disability or physical impairment" authorizing apportionment under Labor Code section 4750. Nor does any "real dispute" on that issue appear.
The award of the Workmen's Compensation Appeals Board is annulled; the board will enter a new and different award, without *641 apportionment, based upon Hulbert's 30 percent partial permanent disability.
Sims, Acting P.J., and Lazarus, J.,[*] concurred.
NOTES
[1] We said in Gross v. Workmen's Comp. Appeals Bd. (1975) 44 Cal. App.3d 397, 401 [118 Cal. Rptr. 609]: "[T]he elements of the term `disability' as used in the Workmen's Compensation Act are `(1) actual incapacity to perform the tasks usually encountered in one's employment and the wage loss resulting therefrom, and (2) physical impairment of the body....' (Italics added; Allied Compensation Ins. Co. v. Industrial Acc.Com., 211 Cal. App.2d 821, 831 [27 Cal. Rptr. 918]; and see State of Cal. v. Ind. Acc. Com., 135 Cal. App.2d 544, 550 [288 P.2d 31] [disapproved on unrelated point in Ferguson v. Industrial Acc. Com., 50 Cal.2d 469, 479 [326 P.2d 145]].) Here petitioner suffered from no `actual incapacity to perform the tasks usually encountered in [her] employment,' prior to the industrial injuries sustained by her. [¶] We next note the statute's [Lab. Code, § 4750] alternative requirement for its operation, i.e., suffering from a `previous ... physical impairment.' `"Impairment"' as used in the pertinent Labor Code sections `"is not an unknown condition but one that causes loss of function of the body in whole or in part."' (State of California v. Ind. Acc. Com., 147 Cal. App.2d 818, 823 [306 P.2d 64] [disapproved on unrelated point in Subsequent Injuries Fund v. Industrial Acc. Com., 56 Cal.2d 842, 846 [17 Cal. Rptr. 144, 366 P.2d 496], and Ferguson v. Industrial Acc. Com., 50 Cal.2d 469, 479 [326 P.2d 145]].)"
[*] Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.