[Civ. No. 39778. First Dist., Div. One. Feb. 8, 1977.]

JOHN PERRY, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
SANTA FE TRAIL TRANSPORTATION COMPANY, Respondents.

888

## Counsel

Ott & Killip and Sanford Killip for Petitioner.

Mullen & Filippi and William J. Armstrong for Respondents.

## Opinion

**ELKINGTON, J.**—We review a decision of the Workers' Compensation Appeals Board (Board) which terminated, as of April 10, 1975, petitioner Perry's workers' compensation temporary disability benefits for an industrial injury.

The following facts are without substantial, if any, dispute.

Perry, 43, in his employment by Santa Fe Trail Transportation Company, customarily lifted sacks of coffee beans weighing about 150 pounds. While so engaged he developed a left inguinal hernia which concededly resulted in an industrial disability. Such an injury is ordinarily speedily repaired by surgery, after which the disability continues for about six weeks. But without such corrective surgery the worker's disability may continue indefinitely. Perry, reporting to a hospital for such surgery, was given the customary "pre-op tests." These tests disclosed an adverse "cardiac condition" of nonindustrial causation, following which there was medical agreement that Perry "was not a candidate for [hernia surgery] because of the serious nature of the heart problem." Perry was willing to have the necessary operation whenever the heart doctor "gives the okay," an approval which was not forthcoming. As a result Perry's hernia and disability continued. The evidence indicated that Perry was under no disability prior to the occurrence of the hernia. And, as we shall see, no contention is made that Perry's disability was *directly* brought about, in whole or in part, by his heart condition.

On proceedings before the Board, Perry was awarded temporary disability indemnity from the disability's commencement, February 22, 1975, to and including April 10, 1975. The termination date appeared to rest upon medical opinion that ordinarily all temporary disability terminates about six weeks after a hernia's repair by surgery.

In the proceedings before the Board, Perry unsuccessfully contended that his disability was industrial and that it continued beyond April 10, 1975, and until his hernia with medical approval could be and was surgically repaired.

Respondent Santa Fe Trail Transportation Company, we think correctly, poses the issues now before this court, as follows:

"I

■ "Is the decision of the Board terminating temporary disability supported by substantial evidence when it is based on a record where the only medical evidence establishes that hernia repair cannot be undertaken because of a non-industrial cardiac defect and where that evidence further indicates that no treatment outside operative procedures will improve the hernia condition?

"II

"Can liability for industrial benefits legally be imposed during the pendency of an attempted resolution of a non-industrial cardiac condition where there is no evidence that operative hernia repair will ever become feasible or possible and there is also lacking any showing that treatment of the non-industrial condition will in any way cure or relieve the effects of the industrial hernia?"

We have concluded that these questions must be answered respectively, no, and yes, and that the Board's decision must be annulled. Our reasons follow.

As pointed out, Perry suffered no industrial disability as a result of his heart condition. ■ " '[T]he elements of the term *"disability"* as used in the Workmen's Compensation Act are "(1) *actual incapacity to perform the tasks usually encountered in one's employment* and the wage loss resulting therefrom, and (2) physical impairment of the body . . . ." ' " (*Hulbert* v. *Workmen's Comp. Appeals Bd.,* 47 Cal.App.3d 634, 640, fn. 1

[121 Cal.Rptr. 239]; *Gross* v. *Workmen's Comp. Appeals Bd.,* 44 Cal.App.3d 397, 401 [118 Cal.Rptr. 609]; *Allied Compensation Ins. Co.* v. *Industrial Acc. Com.,* 211 Cal.App.2d 821, 831 [27 Cal.Rptr. 918].)

 It is a long-accepted rule in the workers' compensation field of our law that: " 'Industry takes the employee as it finds him. A person suffering from a preexisting disease who is disabled by an injury proximately arising out of the employment is entitled to compensation even though a normal man would not have been adversely affected by the event.' " (*Lamb* v. *Workmen's Comp. Appeals Bd.,* 11 Cal.3d 274, 282 [113 Cal.Rptr. 162, 520 P.2d 978]; and see authority there collec- This principle, we opine, is applicable to Perry whose industrially incurred disability did in fact continue beyond the time of its arbitrary termination by the Board.

We note that the above rule was applied by the Board when it was known as the Industrial Accident Commission, in the case of *Hoertkorn* v. *Henry F. Budde Publications,* 14 Cal.Comp. Cases 127. There the factual context was strikingly similar to that of the proceedings at hand. The worker had an industrially caused disabling hernia, which could not be surgically repaired because of "chronic myocarditis, hypertension." The commission classified it as an "inoperable hernia" and said: " 'An inoperable hernia" is one where surgical operation to repair is contra-indicated for the reason that the employee's physiological and pathologi-cal conditions and processes, whether related to or entirely independent of the hernia, will not permit of surgical repair.' " It held that such an "inoperable hernia" continued as a compensable disability, and upon becoming permanent entitled the employee to permanent disability payments. No sound reason appears why a different rule should apply to Perry.

 Also supportive of our conclusion is Labor Code section 3202, stating: "The provisions of [the Workers' Compensation Act] shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." Under this rule any reasonable doubt whether Perry's continued disability is compensable must be resolved in his favor. (*Truck Ins. Exchange* v. *Ind. Acc. Com.,* 27 Cal.2d 813, 816 [167 P.2d 705]; *Hulbert* v. *Workmen's Comp. Appeals Bd., supra,* 47 Cal.App.3d 634, 639.)

■ We accordingly hold that an industrially incurred disability from an inoperable hernia (as defined by *Hoertkorn* v. *Henry F. Budde Publications, supra,* 14 Cal.Comp. Cases 127, and quoted *ante*) continues, for the purposes of the Workers' Compensation Act, as long as the disability shall in fact exist.

Nothing is seen in *W. M. Lyles Co.* v. *Workmen's Comp. App. Bd.,* 3 Cal.App.3d 132 [82 Cal.Rptr. 891], or *Allied Compensation Ins. Co.* v. *Industrial Acc. Com.,* 28 Cal.Comp. Cases 11, in derogation of our holding. Nor do we understand Perry to claim "entitlement to temporary disability benefits until and unless his heart condition improves"; when and if his condition becomes permanent and stationary it may be rated as a permanent, and perhaps partial, disability. (See *Hoertkorn* v. *Henry F. Budde Publications, supra,* 14 Cal.Comp. Cases 127; and see Lab. Code, § 4650 et seq.; *Manning* v. *Workmen's Comp. App. Bd.,* 10 Cal.App.3d 655, 658 [89 Cal.Rptr. 76].)

The record before us indicates that Perry has now been operated upon for his heart condition, but it is silent as to whether his hernia has been repaired, or if medical permission for such surgery has been forthcoming. We also note that the Board's decision recites: "The issues of further temporary disability, permanent disability, apportionment, overpayment of temporary disability and attorneys' fees will be deferred and jurisdiction reserved." It appears proper that we give no specific directions to the Board, but rather that the case be remanded for reconsideration in the light of what we have said.

The findings and award of the Board, and its order denying reconsideration, are annulled, and the Board will take such further appropriate proceedings as are not inconsistent with the views we have expressed.

Molinari, P. J., and Sims, J., concurred.

A petition for a rehearing was denied March 7, 1977, and the petition of respondent Santa Fe Trail Transportation Company for a hearing by the Supreme Court was denied April 7, 1977.